UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE LEE, a married woman, BEN LEE, married man, and the marital community comprised thereof,<br><br>              Plaintiffs,<br><br>  v.<br><br>RITE AID CORPORATION, a Delaware corporation, THRIFTY PAYLESS, INC., a California corporation,<br><br>              Defendants. | NO:  12-CV-00080-TOR<br><br>ORDER GRANTING PROTECTIVE ORDER |

BEFORE the Court is the parties' Stipulation for a protective order (ECF No. 9). Having reviewed the stipulation and the files herein, the Court finds good cause to approve the stipulation for protective order with the following clarification.

Since the stipulation for protective order anticipates future motions to seal protected or confidential information, the Court wants to make clear the

ORDER GRANTING PROTECTIVE ORDER ~ 1

appropriate standard that must be met before the Court will seal documents submitted to support motions.  The Court is concerned with confidential information beyond that which is already required to be redacted from court filings by F.R.Civ. P. Rule 5.2 (often referred to as privacy protected information).

There is a strong presumption in favor of public access to court documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.*  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " *Id*. 1178-79 (citations omitted).  In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id*. at 1179. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*  The strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment

ORDER GRANTING PROTECTIVE ORDER ~ 2

and related attachments. The resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Id.* Judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Id.* at 1180.

Accordingly, **IT IS HEREBY ORDERED**:

The parties' Stipulation for Protective Order (**ECF No. 9**) is **GRANTED**. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 23rd day of March, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING PROTECTIVE ORDER ~ 3